IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VINCENT PETERS, professionally known as VINCE P., | ) ) ) ) |
| Plaintiff, | ) Case No. 10 C 3951 ) |
| v. | ) Judge Virginia M. Kendall ) |
| KANYE WEST, ROC-A-FELLA RECORDS, LLC, AND UMG RECORDINGS, INC., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Vincent Peters ("Peters") filed a copyright infringement suit against Kanye West, Roc-A-Fella Records, LLC, and UMG Recordings, Inc. (together "West"). Peters alleged that West copied portions of his song "Stronger," infringing his copyright. West moves to dismiss Peters's claim pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons stated below, the Court grants West's motion.

## STATEMENT OF FACTS

The following facts are taken from Peters's Complaint and are assumed to be true for purposes of this Motion to Dismiss. *See Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995).

Peters is a songwriter and rapper, and wrote and recorded the song "Stronger" in 2006 ("Peters's Song"). (Compl. ¶¶ 9, 13.) He also posted this song on his MySpace website, where it was publicly accessible from late 2006 to early 2007. (Compl. ¶ 36.)

After a music production company told Peters that it would produce his rap album if he found an executive producer, Peters approached John Monopoly ("Monopoly") to be his executive

producer. (Compl. ¶ 14.) Monopoly is well-known in the music industry as Kanye West's close friend and business manager, and is an executive at Kanye West's own record label. (Compl. ¶¶ 14, 15.) Beginning in August 2006, Peters contacted Monopoly several times and sent him several of his songs, including "Stronger." (Compl. ¶ 16.) Monopoly eventually arranged a meeting with Peters on November 12, 2006, where they listened to several of Peters's songs, including "Stronger." (Compl. ¶¶ 17, 19.) After the meeting, Monopoly told Peters that he would be his executive producer, but the album production deal never materialized. (Compl. ¶¶ 23, 24.)

On July 31, 2007, Kanye West released a song called "Stronger" ("West's Song"). (Compl. ¶ 25.) West's Song became the number one single on various song charts both in the United States and abroad, received numerous awards, and sold over three million copies by December 2008. (Compl. ¶ 26.) It continues to be publicly performed in numerous locations both in the United States and abroad. (Compl. ¶ 27.)

Peters does not allege infringement based on the music of West's Song; rather he claims that West's Song infringes because of similarities in the lyrics. First, both songs have an identical title, "Stronger." (Compl. ¶ 34.) Second, both lyrics include the name of English model Kate Moss. (Compl. ¶ 32.) Third, the refrains, or "hooks," of both songs are similar.

The hook in Peters's Song is:

> What don't kill me make me stronger
> The more I blow up the more you wronger
> You coped my CD you can feel my hunger
> The wait is over couldn't wait no longer

The hook in West's Song is:

> N-N-N-now th-th-that don't kill me
> Can only make me stronger
> I need you to hurry up now
> Cause I can't wait much longer
> I know I got to be right now
> Cause I can't get much wronger
> Man I've been waitin' all night now
> That's how long I've been on ya

(R. 18, Mot. to Dismiss Exb. C.) Both hooks reference the maxim "that which does not kill me makes me stronger." (Compl. ¶ 30.) Moreover, the hook in West's Song includes the line "can't wait much longer," while the hook in Peters's Song includes the line "couldn't wait no longer." (Compl. ¶ 31.) Finally, both hooks use the word "wronger." (Compl. ¶ 33.)

## **STANDARD OF REVIEW**

To state a claim upon which relief can be granted, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a complaint must be "plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Determining whether a complaint states a plausible claim for relief will require "the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

When documents are attached to a motion to dismiss, "the motion shall be treated as one for summary judgment under Rule 56." Fed R. Civ. P. 12(d). However, "[d]ocuments that a defendant

attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [his] claim." *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). Thus, the Court may consider these attached documents in deciding a motion to dismiss without converting the motion to one for summary judgment. *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002). Here, West attaches both sets of song lyrics to his Motion to Dismiss. (Def.'s Mot. Dismiss Ex. C.) Because the lyrics are referred to in Peters's Complaint and are central to his copyright infringement claim, this Court will consider them in deciding this motion to dismiss.

## DISCUSSION

Peters alleges that West infringed on the copyright of Peters's Song. "Anyone who violates any of the exclusive rights of the copyright owner . . . is an infringer of the copyright or right of the author . . . ." 17 U.S.C. § 501 (2006). To establish copyright infringement, the plaintiff must plausibly plead two elements: (1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). The Court addresses each element in turn.

**I.        Ownership of a Valid Copyright**

The Court turns first to whether Peters owns a valid copyright to his song. "[N]o civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a). This precondition to a copyright infringement suit is not jurisdictional, and therefore does not deprive federal courts of subject-matter jurisdiction to adjudicate copyright infringement claims involving unregistered works. *See Reed Elsevier, Inc. v. Muchnick*, 130 S. Ct. 1237, 1242 (2010).

Instead, "[i]n any judicial proceedings the certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 410(c); *see also Wildlife Express Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 507 (7th Cir. 1994). The effective date of Peters's copyright registration certificate (Compl. Exb. 1) is March 28, 2010—within five years of the first publication of Peters's Song in 2006—and is thus presumptively valid. Although this presumption can be rebutted, West did not do so. Therefore, the Court concludes that Peters plausibly pled ownership of a valid copyright to Peters's Song.

## II.     Copying of Constituent Elements

Next, the Court determines whether West has copied the protected work. Copying may be plausibly pled with direct factual allegations, but that is "often hard to come by." *JCW Invs., Inc. v. Novelty, Inc.*, 482 F.3d 910, 915 (7th Cir. 2007). Peters's Complaint alleges no direct evidence of copying. Copying, however, may be inferred where the defendant had access to the copyrighted work and the accused work is substantially similar to the copyrighted work. *See Susan Wakeen Doll Co., Inc. v. Ashton-Drake Galleries*, 272 F.3d 441 (7th Cir. 2001) (citation omitted).

### A.     Access to the Copyrighted Work

Peters's Complaint must plausibly plead that West had access to the copyrighted work. A plaintiff may do so by plausibly pleading that the two works are so strikingly similar that the possibility of independent creation is precluded. *See Selle v. Gibb*, 741 F.2d 896, 901 (7th Cir. 1984). Peters's Complaint does not plead any facts alleging such a striking similarity between the two songs.

Peters, however, may also plausibly plead access to the copyrighted work with facts alleging

that the defendant had the opportunity to view the protected item. *See Wildlife Express*, 18 F.3d at 508 n.5. A defendant has the opportunity to view the protected item when the work was sent directly to "a close associate of the defendant," *Selle*, 741 F.3d at 901, or when the plaintiff's work has been widely disseminated to the public. *See id.*; *see, e.g., Ty, Inc. v. GMA Accessories, Inc.*, 959 F. Supp. 936, 940 (N.D. Ill. 1997) ("Broad public display of a product may give rise to an inference of access.").

Here, Peters's Complaint alleges that by November 2006, he provided a copy of Peters's Song to Monopoly, who was Kanye West's "close friend, advisor and business associate." (Compl. ¶ 21.) Moreover, Peters alleges that he and Monopoly listened to Peters's Song at their November 12, 2006 meeting. Peters also claims that he widely disseminated Peters's Song by posting it on his publicly accessible MySpace page in late 2006 and early 2007. These allegations plausibly allege that West had multiple opportunities to listen to Peters's Song prior to the release of West's Song on July 31, 2007. Therefore, Peters adequately pleads access to the copyrighted work.

### B. Substantially Similar

Peters must also plausibly plead that West's Song is substantially similar to Peters's Song. To do so, Peters must plausibly plead that "the accused work is so similar to the plaintiff's work that an ordinary reasonable person would conclude that the defendant unlawfully appropriated the plaintiff's protectible expression." *Susan Wakeen Doll*, 272 F.3d at 451 (citation omitted). Although the ordinary observer test depends on whether the accused work has captured the "total concept and feel" of the copyrighted work, the Court must first identify which elements of the work are protected by the copyright. *Wildlife Express*, 18 F.3d at 511-12 (citation omitted); *see also Ruolo v. Russ Berrie & Co.*, 886 F.2d 931, 939 (7th Cir. 1989); *FASA Corp. v. Playmates Toys, Inc.*, 912 F. Supp.

1124, 1147 (N.D. Ill. 1996) ("Where, as here, the Court is comparing products that have both protectible and unprotectible elements, we must exclude comparison of the unprotectible elements from the application of the ordinary observer test."), *vacated in part on other grounds*, 108 F.3d 140 (7th Cir. 1997). Because Peters claims that West's Song infringes on his song due to their similar titles, references to Kate Moss, and portions of the hooks, the Court must first identify whether those elements of Peters's Song are protected by copyright. The Court then addresses whether Peters has adequately pled that an ordinary observer would find substantial similarity between the protectable elements of the two works.

       **1.     Protectable Elements**

           **a.     Title**

First, Peters alleges that West's Song infringes on his song because they both have the same title. Although the title of a copyrighted work should be taken into account if the same title is applied to a work copied from it, titles by themselves are not subject to copyright protection. *See Wihtol v. Wells*, 231 F.2d 550, 553 (7th Cir. 1956); *see, e.g., Sweet v. City of Chi.*, 953 F. Supp. 225 (N.D. Ill. 1996) ("It is well-established that titles . . . are not protected by copyright."). Therefore, Peters's Complaint does not plausibly allege that the title of Peters's Song is a protectable element of the work.

           **b.     Reference to Kate Moss**

Second, Peters alleges that West's Song infringes on his song because they both reference the English model Kate Moss by name. However, "'[n]o one may claim originality as to facts.'" *Feist*, 499 U.S. at 347 (citation omitted). Facts include names. *Id.* at 348 ("The same is true of all facts—scientific, historical, biographical, and news of the day."); *see also Schroeder v. William*

*Morrow & Co.*, 566 F.2d 3, 5 (7th Cir. 1977) ("[I]ndividual names and addresses are in the public domain and not copyrightable."). Therefore, Peters's Complaint does not plausibly allege that the reference to Kate Moss in Peters's Song is a protectable element.

### c. Hook

Third, Peters alleges that West's Song infringes on his song because: (1) they both reference the maxim "that which does not kill us makes us stronger"; (2) the hook in West's Song includes the line "can't wait much longer" while the hook in Peters's Song includes the line "couldn't wait no longer"; and (3) both hooks use the word "wronger."

The phrase "[t]hat which does not kill me makes me stronger" in Peters's Song is unprotectable. "To qualify for copyright protection, a work must be original to the author." *Feist*, 499 U.S. at 345. Although the "requisite level of creativity [for originality] is extremely low," the work must have been independently created by the author to be original. *Id.* Here, Peters concedes in his Complaint that the reference is to a "maxim." (Compl. ¶ 30.) Maxims that enjoy a "robust existence in the public domain" long before being employed in song lyrics lack the "requisite originality to warrant protection." *Acuff-Rose Music, Inc. v. Jostens, Inc.*, 155 F.3d 140, 144 (2d Cir. 1998) (holding that the phrase "[y]ou've got to stand for something or you'll fall for anything" is too common to be protectable) (citations omitted); *see also Selle*, 741 F.2d at 901 ("[I]f both works were copied from a common source in the public domain, then there is no infringement."). Because this maxim was copied from a common source that enjoyed a robust existence in the public domain, it is unprotectable.

Peters also alleges that the hook in West's Song includes the line "can't wait much longer" while the hook in Peters's Song includes the line "couldn't wait no longer," and that both hooks use

8

the word "wronger." Short phrases and expressions, however, are not protected by copyright. *See Alberto-Culver Co. v. Andrea Dumon, Inc.*, 466 F.2d 705, 711 (7th Cir. 1972); *Sweet*, 953 F. Supp. at 229. Moreover, common, trite, and clichéd language conveying ideas generally expressed in a limited number of ways are unprotectable. *See, e.g., Allen v. Destiny's Child*, 2009 WL 2178676 at *8 (N.D. Ill. July 21, 2009) (Holderman, C.J.) ("Phrases and expressions conveying an idea typically expressed in a limited number of stereotyped fashions are not subject to copyright protection.") (citation omitted).

Here, "couldn't wait no longer" in Peters's Song is a short phrase expressing impatience in trite and clichéd language. While the word "wronger" may not be common, it is not unique to Peters and is instead part of a common rhyme scheme ending in "-er." Common rhyme schemes, however, are not protectable. *See, e.g., Steele v. Turner Broad. Sys., Inc.*, 646 F. Supp. 2d 185, 192 (D. Mass. 2009) ("A common rhyme scheme or structure does not qualify as original expression protectable under federal copyright law."); *Prunte v. Universal Music Group*, 699 F. Supp. 2d 15, 29 (D.D.C. 2010) ("[A] rhyme scheme using words ending in the commonplace '-ill' sound is [not] protectible."). Therefore, Peters's use of the words "longer" and "wronger" in a triple rhyme with "stronger" is not protectable. As such, Peters's Complaint does not plausibly allege that the hook of Peters's Song is a protectable element of the work.

    **d.**  **Combination**

Peters alternatively argues that an original combination of the title, the reference to Kate Moss, and the portions of his hook are protectable. Although courts have stated that original

9

combinations of unprotectable elements can be protectable, they have done so in limited contexts.[1]

An original combination of unprotectable elements can be protectable when "those [unprotectable] elements are numerous enough and their selection and arrangement original enough that their combination constitutes an original work of authorship." *Satava v. Lowry*, 323 F.3d 805, 811 (9th Cir. 2003). Courts recognize a protectable combination of numerous unprotectable elements when it is used by the defendant in its entirety in a nearly identical manner. *See JCW Invs.*, 482 F.3d at 916-17 (holding that defendant's entire doll was only "minimally distinguishable" from plaintiff's doll, which was a combination of numerous unprotectable details such as its face and chair); *Ruolo*, 886 F.2d at 939-40 (finding sufficient evidence of substantial similarity when the defendant's greeting card copied the plaintiff's card—a combination of unprotectable elements such as stripes, paper and ink color, and font choice—in a nearly identical format); *Lessem v. Taylor,* 2011 WL 344104 at *7-8 (S.D.N.Y. Feb. 3, 2011) (Stanton, J.) (holding a genuine issue of material fact existed whether the plaintiff's rap song was substantially similar to defendant's when it allegedly used an entire phrase from the plaintiff's song verbatim, as well as the rhythm and tempo to which it was set).

Here, in contrast, West's Song does not use the contested combination of unprotectable elements—selected parts of the hook, the reference to Kate Moss, or the title—in their entirety in a nearly identical format. The hook in West's Song differs significantly from the hook in Peters's Song and contains a triple rhyme instead of Peters's quadruple rhyme. Indeed, none of the sentences that comprise the two hooks—even those referencing the maxim—are identical. Moreover, unlike

---

[1] One such example is the scènes à faire doctrine which is not an issue in this case. *See Bucklew v. Hawkins, Ash, Baptie & Co.*, 329 F.3d 923, 929 (7th Cir. 2003)

the plaintiff in *Lessem*, Peters does not allege that the rhythm and tempo of Peters's Song is part of his combination of unprotectable elements, nor does Peters allege that West's Song appropriates Peters's rhythm and tempo. Therefore, the Court finds that the combination of Peters's unprotectable elements is not protectable.

2. **Substantial Similarity**

Once the unprotectable elements discussed above have been filtered out, the two works can be compared to determine whether they are substantially similar. *See, e.g., Incredible Techs., Inc. v. Virtual Techs., Inc.*, 400 F.3d 1007, 1011 (7th Cir. 2005). After a side-by-side comparison of the two sets of lyrics, this Court as an ordinary observer finds that the filtered song lyrics are not substantially similar. *See Wildlife Express*, 18 F.3d at 510. Indeed, the hooks and verses no longer have any similarities and are different in content and style. *See, e.g., Alvarez v. Industria Del Amor*, 1999 WL 498610, at *3 (N.D. Ill. July 9, 1999) (Leinenweber, J.) (finding no substantial similarity because "the songs are different in content and style and tell different stories").

Peters argues that the two songs have "fragmented literal similarity," based on a doctrine recognized in other circuits that instructs courts to find substantial similarity when a smaller fragment of a work, but not the overall theme or concept, has been copied literally. *See, e.g., Bridgeport Music, Inc. v. UMG Recordings, Inc.*, 585 F.3d 267, 275 (6th Cir. 2009). The smaller fragment must be a "direct quotation[] or close paraphrasing," *Castle Rock Entm't, Inc. v. Carol Pub. Grp., Inc.*, 150 F.3d 132, 140 (2d Cir. 1998), and must have qualitative and quantitative significance in relation to the plaintiff's work as a whole. *Newton v. Diamond*, 388 F.3d 1189, 1195 (9th Cir. 2003). "[R]andom similarities scattered throughout the works are not a proper basis for a finding of substantial similarity." *Bridgeport Music*, 585 F.3d at 275 (citations omitted).

Here, however, the similarities in the two songs do not rise to the level of fragmented literal similarity. The only smaller fragments that are copied literally are the words "don't kill me make me stronger," "wronger," "wait no longer," and "Kate Moss," which do not have readily recognizable qualitative significance in relation to the plaintiff's work as a whole. *See, e.g., Murray Hill Publ'ns, Inc. v. ABC Comm., Inc.*, 264 F.3d 622, 633 (6th Cir. 2001) (stating that smaller fragments must be "an integral part" of that work and as "'readily recognizable' in terms of [their] relationship to the [work] as 'E.T. phone home' is to its movie source"), *abrogated on other grounds by Reed Elsevier*, 130 S. Ct. at 1237.

Therefore, because no ordinary observer could find that the filtered song lyrics are substantially similar, and there is no fragmented literal similarity, Peters's Complaint fails to plausibly plead that West's Song is substantially similar to Peters's Song.

## **CONCLUSION AND ORDER**

For the reasons stated, the Court grants West's Motion to Dismiss.

So ordered.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: March 3, 2011